FILED
United States Court of Appeals
Tenth Circuit

November 13, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERESA LOU MARTIN, a/k/a Coo,

Defendant-Appellant.

No. 09-7035
(D.C. No. 6:08-CR-00025-FHS-2)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Teresa Lou Martin entered a guilty plea to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and one count of drug forfeiture. Her plea agreement included a waiver of her right to appeal her conviction and sentence, reserving the right to appeal only if the sentence she received exceeded the statutory maximum. Despite her appeal

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waiver, Ms. Martin has now filed an appeal seeking to challenge her sentence. The government has moved to enforce the appeal waiver in Ms. Martin's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In her plea agreement, Ms. Martin agreed that she knowingly and voluntarily agreed to waive her right to appeal her conviction and sentence unless the sentence imposed exceeded the statutory maximum. Mot. to Enforce, Attach. at 11. At the plea hearing, the district court reviewed the plea agreement with Ms. Martin, including her agreement to waive her right to appeal her conviction and sentence. At sentencing, the district court determined the applicable sentencing range for the drug conspiracy count to be 210 to 262 months. The court sentenced Ms. Martin to 210 months' imprisonment, followed by thirty months of supervised release. This sentence was at the low end of the advisory guideline range and well below the statutory maximum sentence of life imprisonment for count one. On the drug forfeiture count, it ordered forfeiture of certain real property and $4,000,000.

Ms. Martin's counsel filed a response to the government's motion to enforce the appeal waiver, stating his belief that there are no meritorious grounds upon which Ms. Martin can urge denial of the government's motion to enforce the appeal waiver, and he requested permission to withdraw. *See Anders v.*

*California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court then gave Ms. Martin an opportunity to file a pro se response to the government's *Hahn* motion.

In her response, Ms. Martin states that she seeks to appeal her sentence as too long because of her claimed lack of criminal history; lack of evidence that she was a leader/organizer; the court's use of statements against her from a felon and a drug offender; and insufficient evidence that she could have organized or led the drug conspiracy. She claims that the district court did not explain to her at the plea colloquy that her sentence could be increased above the range for the base offense level; thus, her plea and its appeal waiver was not knowing and voluntary. She also argues that her counsel failed to explain this to her; thus, she received ineffective assistance of counsel in connection with the plea waiver.

Defendants are bound to the terms of knowingly and voluntarily accepted plea agreements. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). This includes any waiver of the right to appeal. *Id*.; *Hahn*, 359 F.3d at 1325. This court will enforce an appeal waiver as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Under her plea agreement, Ms. Martin waived the right to appeal any sentence imposed by the district court unless it exceeded the statutory maximum. The sentence imposed was well below the statutory maximum of life imprisonment, and Ms. Martin's proposed appeal undisputably seeks to challenge the sentence imposed by the district court. Thus, Ms. Martin's appeal clearly falls within the scope of her appeal waiver. *See United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).

To determine whether an appeal waiver was knowingly and intelligently made, we consider both the language of the plea agreement and the adequacy of the Fed. R .Crim. P. 11 plea colloquy. *Hahn*, 359 F.3d at 1325. The defendant bears the burden of proving that the waiver was not knowing and voluntary. *Id*. at 1329. Here, Ms. Martin's plea agreement unequivocally stated that she "knowingly and voluntarily" agreed to waive her right to appeal any sentence imposed unless it exceeded the statutory maximum. Further, Ms. Martin stated in her plea agreement that she understood the sentencing court could consider "all relevant information with respect to [her] background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of [her] cooperation, if any." Mot. to Enforce, Attach. at 7. At the plea colloquy, the district court asked Ms. Martin if she understood she was waiving her right to appeal, and asked her if she understood that the sentence she received would be a matter in the sole

control of the court, and if she was prepared to accept any sentence permitted by law that the court imposed. Under oath, Ms. Martin stated that she did understand all of this. We have rejected the argument "that a defendant must know with specificity the result [she] forfeits before [her] waiver is valid." *Hahn*, 359 F.3d at 1326-27. The plea agreement and plea colloquy clearly demonstrate that Ms. Martin knowingly and voluntarily waived her right to appeal her sentence; thus, the second *Hahn* requirement was satisfied.

Ms. Martin contends that she received ineffective assistance of counsel in connection with the negotiation of her waiver. If true, we have held that it would be a miscarriage of justice to enforce the appeal waiver. *Id*. at 1327. We decline to reach the merits of this challenge, however, because such a claim must be raised by motion under 28 U.S.C. § 2255 rather than by direct appeal, and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citing *Hahn*, 359 F.3d at 1327 n.13). Ms. Martin's plea agreement also waived her right to collaterally attack her conviction or sentence, but that waiver does not bar an ineffective-assistance claim relating to negotiations leading to the waiver itself. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001); *see also* Mot. to Enforce, Attach. at 11 (permitting her to file § 2255 ineffective-assistance-of-counsel challenge to validity of guilty plea or waiver).

Because Ms. Martin has not established any of the applicable exceptions to the enforcement of her appeal waiver, we conclude that the government's motion to enforce should be granted. Accordingly, we GRANT the motion and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM