FILED
United States Court of Appeals
Tenth Circuit

**February 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

              No. 06-2183

LORETTO IBARRA-CORONEL,

  Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 05-CR-0486-MCA)**

David N. Williams, Assistant United States Attorney (Larry Gómez, Acting United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff/Appellee.

Scott M. Davidson, Albuquerque, New Mexico, for Defendant/Appellant.

Before **O'BRIEN, BALDOCK,** and **McCONNELL**, Circuit Judges.

**BALDOCK**, Circuit Judge.

  Pursuant to a Rule 11 agreement, Defendant Loretto Ibarra-Coronel pled guilty to a single count of conspiracy to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846. See Fed. R. Crim. P. 11(c). At the plea hearing, a magistrate judge mistakenly informed Defendant that the *maximum* penalty for a § 846 offense is 120 months

incarceration. The statute's mandatory *minimum* sentence is, in fact, 120 months, with a maximum sentence of life imprisonment. 21 U.S.C. § 846; see id. § 841(b)(1)(A)(I). On appeal, Defendant contends the magistrate judge's colloquy constitutes reversible error. We exercise jurisdiction under 28 U.S.C. § 1291. See United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc) (per curiam). Because we conclude Defendant waived her right to bring this appeal, we dismiss. See United States v. Wilken, 498 F.3d 1160, 1166 (10th Cir. 2007).

I.

Defendant Loretto Ibarra-Coronel is one of eight co-defendants named in the underlying eleven-count Indictment. Defendant was charged in three substantive counts: (1) Count 2 (conspiracy, in violation of 21 U.S.C. § 846); (2) Count 10 (distributing 100 grams and more of heroin, in violation of 21 U.S.C. § 841); and (3) Count 11 (distributing 100 grams and more of heroin, in violation of 21 U.S.C. § 841). In a signed Rule 11(c)(1)(C) agreement dated October 26, 2005, Defendant pleaded guilty to a single offense: conspiracy, as set forth in Count 2 of the Indictment. The plea agreement provided, in relevant part, that:

> 4.    The Defendant understands that the minimum and maximum penalty the Court can impose for Count 2 is:
>
> a.    imprisonment for *not less than ten (10) years nor more than life*;
>
> * * * *
>
> 10.    The Defendant is aware that federal law affords a Defendant the right to appeal the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal *any sentence within the statutory range* applicable to the statute(s) of conviction.

2

Plea Agreement ¶¶4, 10 (emphasis added). The Government, *inter alia*, agreed to: (1) recommend a sentence of 120 months at the sentencing hearing; and (2) dismiss the remaining counts of the Indictment against Defendant. Id. ¶¶7c, 11a.

On October 27, 2005, a United States Magistrate Judge held a plea hearing at which the parties tendered their Rule 11 agreement. Defendant waived her right to have a United States District Judge conduct the Rule 11 hearing. At this hearing, the magistrate judge erroneously stated that the *maximum* — rather than the mandatory *minimum* — statutory sentence for being adjudicated guilty of violating § 846 was ten years. The magistrate judge's statement plainly violated Rule 11(b)(1) and the Government concedes as much.[1] The mandatory minimum sentence under § 846 is ten years incarceration; the maximum penalty is life imprisonment.

On April 25, 2006, the United States District Judge accepted Defendant's guilty plea and sentenced her to, *inter alia*, 120 months imprisonment (*i.e.*, the mandatory minimum).[2] Neither party objected to, or otherwise acknowledged, the magistrate judge's error at Defendant's plea hearing until the instant appeal ensued.

II.

---

[1] Rule 11(b) provides, in relevant part: "[T]he court must inform the defendant of, and determine that the defendant understands, [*inter alia*] . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release . . . [and] any mandatory minimum penalty . . . ." Fed. R. Crim. P. 11(b)(1)(H)-(I).

[2] Our review of the record reveals that neither the pre-sentence report ("PSR"), nor the sentencing judge, repeated the magistrate judge's erroneous statement that the *maximum* statutory sentence for being adjudicated guilty of violating § 846 is ten years.

Defendant now, for the first time, contends the magistrate judge's failure to correctly inform her of the correct mandatory minimum penalty for a § 846 offense during the Rule 11 hearing constitutes reversible error. See Fed. R. Crim. P. 11(b)(1)(H)-(I). Defendant seeks reversal of her sentence and a remand so that she may withdraw her guilty plea. The Government, however, asks us to enforce the appeal waiver contained in paragraph 10 of the parties' Rule 11 plea agreement and dismiss this appeal.[3] Because we conclude Defendant's appeal waiver is enforceable, we must dismiss this appeal without reaching the merits. See Wilken, 498 F.3d at 1166.

We employ a three-prong analysis to review appeals where a defendant entered into an appeal waiver in district court. See Hahn, 359 F.3d at 1325. A particular waiver's enforceability hinges on: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived h[er] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." Id. Our waiver-enforceability analysis is informed by contract principles, which govern plea agreements. See id. Whether a defendant's appeal waiver set forth in a plea

---

[3] The Government first raised its appeal waiver argument in its response brief. As we have recognized, judicial economy is best served when the Government asserts waiver in a motion to dismiss under Fed. R. App. P. 27 and 10th Circuit Rule 27.2(A)(1)(d), therein, obviating the need for merits briefing. See United States v. Garduño, 506 F.3d 1287, 1292 n.7 (10th Cir. 2007). Failure to file such a motion, however, does not preclude the Government from raising waiver in its response brief as it did here. See 10th Circuit Rule 27.2(A)(1)(d).

agreement is enforceable is a question of law we review de novo.[4] See id.

## A.

Two of Hahn's three factors — the "within the scope of the waiver" and "miscarriage of justice" considerations — pose no problem here. First, even strictly construing the appeal waiver and, therein, reading any ambiguities against the Government and in favor of Defendant's appellate rights, as we must, Defendant's appeal falls within the waiver's scope. See United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003), cited with approval in Hahn, 359 F.3d at 1225. Under the Rule 11 plea agreement, Defendant waived "the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." Plea Agreement ¶10. Defendant's appeal undisputably seeks to challenge the sentence imposed by the district court, which clearly fell within the statutory range.

Likewise, enforcing the waiver would not effect a miscarriage of justice. As we recently explained:

> A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the

---

[4] Until today, we have never expressly stated that on direct appeal we review appeal-waiver enforceability de novo. See Hahn, 359 F.3d at 1325. Nonetheless, we have consistently underscored that whether a plea agreement as a whole is knowing and voluntary is a question of law, reviewed de novo. See, e.g., United States v. Hamilton, 510 F.3d 1209, 1215 (10th Cir. 2007). We note further that our sister circuits apply de novo review in considering the enforceability of an appeal waiver. See, e.g., United States v. Swanberg, 370 F.3d 622, 626 (6th Cir. 2004); United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997) (same); United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996) (same).

waiver is otherwise unlawful."

United States v. Smith, 500 F.3d 1206, 1212 (10th Cir. 2007) (quoting Hahn, 359 F.3d at 1327). Defendant does not contend, nor does the record in any way suggest, that the magistrate judge relied on any improper consideration. Defendant made no claim of ineffective assistance of counsel, which, in any event, generally must be raised on collateral review, and her sentence did not exceed the statutory maximum. See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc) (ineffective-assistance of counsel claims generally should be brought in a collateral proceeding to allow the district court to develop a factual record).

To be "otherwise unlawful," Defendant's waiver must embody an error that "seriously affects the fairness, integrity, or public reputation of the judicial proceedings" as per United States v. Olano, 507 U.S. 725, 732 (1993). See Hahn, 359 F.3d at 1327 (internal brackets omitted). As the Olano Court explained, meeting this test requires Defendant to show that the magistrate judge's error "affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. Contrary to Defendant's position, the magistrate judge's error had no such affect. Defendant received the sentence requested by her attorney, demonstrating both a lack of misunderstanding on her part and a lack of prejudice. Further, the sentence imposed constituted the statutory minimum. See 21 U.S.C. § 841(b)(1)(A)(i). As such, Defendant's waiver clearly was not "otherwise unlawful." See Hahn, 359 F.3d at 1327. No miscarriage of justice will result from enforcing Defendant's appeal waiver.

B.

6

Whether Defendant's waiver was "knowing and voluntary," poses a closer question. Two factors are particularly significant to this analysis: (1) the language of the plea agreement; and (2) the Fed. R. Crim. P. 11 colloquy. See Hahn, 359 F.3d at 1325. Defendant bears the burden of demonstrating her waiver was not knowing and voluntary. See Smith, 500 F.3d at 1211. "Whether the waiver is enforceable depends on the nature of the waiver and the defendant's informed consent to it, as ascertained by the district judge at the time the plea is entered pursuant to the plea agreement in which the appellate waiver is set forth." United States v. Fisher, 232 F.3d 301, 304 (2d Cir. 2000); accord United States v. Atterberry, 144 F.3d 1299, 1300-01 (10th Cir. 1998), cited in Fisher, 232 F.3d at 304.

Here, the plea agreement states unequivocally that Defendant "freely and voluntarily" agreed to plead guilty and "knowingly waive[d] the right to appeal." Plea Agreement ¶¶11,13; see also Andis, 333 F.3d at 890 ("The requirement that a plea agreement and waiver be entered into knowingly and voluntarily applies to each term of an agreement."). Aside from the magistrate judge's misstatement of the applicable statutory maximum and minimum penalties, Defendant's October 27, 2005 plea hearing was otherwise adequate. See Hahn, 359 F.3d at 1325. The magistrate judge questioned Defendant directly and found Defendant to be: (1) "fully competent and capable of entering an informed plea"; (2) "aware of the nature of the charges" against her; and (3) aware of the "consequences of the plea." The court specifically — and correctly — informed Defendant of her right to appeal and the terms of the appeal waiver. See Fed. R. Crim. P. 11(b)(1)(N). Defendant was properly questioned about her decision to enter the plea agreement and, specifically, about her

7

decision to waive her right to appeal. See Andis, 333 F.3d at 891.

Defendant asserts — apparently for the first time on appeal — that the plea agreement's language is "inconclusive" as to whether Defendant knowingly and voluntarily waived her appeal rights because Defendant "cannot read or speak English." On these facts, we disagree. The record reflects Defendant failed to indicate during the district court proceedings — either at the Rule 11 hearing, the sentencing hearing, or otherwise — that her inability to speak or read English compromised her understanding of the plea agreement. A court interpreter's services were made available and employed by Defendant, a Mexican citizen, at the October 27, 2005 hearing. The magistrate judge directly asked Defendant: "[H]ave you had enough time to read and review this plea agreement in Spanish with your attorney before signing it?" and "[d]o you understand the terms of the plea agreement?" Defendant responded to both questions affirmatively. Significantly, the magistrate judge also expressly found: "[Defendant] is aware of the nature of the charges and consequences of the plea and that the plea of guilty is a knowing and voluntary plea supported by the independent evidence."

Although neither party raised the issue, we note that our decision in United States v. Wilken, 498 F.3d 1160 (10th Cir. 2007), is not to the contrary. In Wilken, we held that a court's failure to correctly advise a defendant during a Rule 11 hearing may — where a defendant had not yet signed the Rule 11 agreement — "introduce[] ambiguity so as to preclude our finding that [defendant's] waiver of h[er] right to appeal an unreasonable

8

sentence was knowing and voluntary." Wilken, 498 F.3d at 1167-68. Wilken concluded a defendant "could not be faulted for relying upon the court's explanation, rather than h[er] own understanding, as the definitive construction of the agreement he would almost immediately sign." Id. at 1168. In this case, unlike in Wilken, Defendant signed the plea agreement prior to the Rule 11 colloquy during which the magistrate judge misspoke. See id. at 1168-69. Because the parties had already entered into their Rule 11 agreement, the magistrate judge's statement could not have created such ambiguity as to undermine the "knowing and voluntariness" of Defendant's plea agreement on this record. See Smith, 500 F.3d at 1211 (holding that a district court's mischaracterization of an appeal waiver *after* "a complete Rule 11 colloquy" and *after* the defendant signed the plea agreement did not "negate [defendant's] prior written waiver of her appellate rights").

In sum, we are convinced that, on these facts, Defendant knowingly and voluntarily waived her appeal rights, notwithstanding the magistrate judge's error. We, therefore, conclude Defendant's appeal waiver is enforceable. See Hahn, 359 F.3d at 1327. Accordingly, we dismiss Defendant's appeal without addressing its merits. See Wilken, 498 F.3d at 1167.

DISMISSED.