**UNITED STATES COURT OF APPEALS**     April 15, 2008

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DIANA BRICE,

      Defendant-Appellant.

No. 07-5131
(D.Ct. No. 4:06-CR-00052-JHP-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Diana Brice pled guilty to one count of conspiracy to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person garnered without authorization from a police database, in violation of 18 U.S.C. § 1028(f) (Count 1); and one count of conspiracy to defraud the government based on false, fictitious, or fraudulent claims in conjunction with the filing of false federal income tax returns, in violation of 18 U.S.C. § 286 (Count 9). Ms. Brice appeals her thirty-seven-month sentence, claiming the district court erred in imposing a two-level obstruction of justice increase to her base offense level under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3C1.1. In turn, the government opposes the appeal, contending, in part, that Ms. Brice waived her right to appeal any sentence below the statutory maximum. We exercise our jurisdiction pursuant to 28 U.S.C. § 1291 where a criminal defendant waives her appellate rights in an enforceable plea agreement. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1220 (10th Cir. 2008) (relying on *United States v. Hahn*, 359 F.3d 1315, 1324 (10th Cir. 2004) (*en banc*) (*per curiam*)). For the reasons set forth hereafter, we conclude Ms. Brice waived her right to bring this appeal and therefore we dismiss her appeal.

I. Background

After a twenty-one-count indictment issued against her, Ms. Brice pled guilty to Count 1, for conspiracy to improperly access and utilize identification information from a police database; and Count 9, for conspiracy to defraud the government by submitting false federal income tax returns. As part of the plea agreement, Ms. Brice agreed to waive the right to directly appeal her conviction and sentence, but reserved the right to appeal if the sentence imposed was above the maximum statutory sentence. The plea agreement stated Ms. Brice "expressly acknowledges that counsel has explained her appellate and post-conviction rights" and that she "understands her rights" and "knowingly and voluntarily waives those rights." R., Supp. Vol. 1, Doc. 187 at 4. In agreeing to the conditions and terms of her waiver of appellate rights, Ms. Brice initialed each page on which they were cited and also signed her name at the end of the appellate waiver provision.

During the Rule 11 colloquy conducted at Ms. Brice's plea hearing, the district court thoroughly and comprehensively questioned her about her guilty plea and appellate waiver. *See* Fed. R. Crim. P. 11. Ms. Brice explicitly confirmed, in part, that she: (1) had read the twenty-one-count indictment against her as well as the plea agreement which she had initialed, indicating she had read and agreed to the terms on each initialed page, and signed, acknowledging her

understanding of its terms and conditions; (2) was satisfied with the representation and advice of counsel and had discussed the plea agreement with counsel; (3) understood the rights she was giving up by pleading guilty, including the right to appeal as provided in the waiver of appeal provision; and (4) understood the Guidelines are advisory and that if the court imposed the maximum sentence – either five years on Count 1 or ten years on Count 9 – she could not, for that reason alone, withdraw her guilty plea. Following the colloquy with Ms. Brice, the district court found her competent and capable of entering an informed plea, aware of the nature of the charges and consequences of her plea, and that her plea of guilty was knowing and voluntary.

After the district court accepted Ms. Brice's guilty plea, the probation officer prepared a presentence report calculating her sentence under the applicable Guidelines. The presentence report set her base offense level at six for Count 1 and sixteen for Count 9, adding a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice because she persuaded individuals to lie during the investigation into her tax offense.[1] After making other uncontested adjustments

---

[1] Specifically, the presentence report noted that during the investigation Ms. Brice contacted at least five mothers of children whose names and personal information had been used to falsify tax returns, asking them to submit false statements indicating they authorized another person to claim their children as dependents; those mothers later recanted their statements, admitting they were false and incomplete.

to the offense level calculations, including a two-level decrease in her offense level for acceptance of responsibility and a multiple-count adjustment, the offense level for both offenses totaled twenty. A total offense level of twenty, together with a criminal history category of I, resulted in an advisory Guidelines range of thirty-three to forty-one months imprisonment.

Ms. Brice filed objections to the presentence report, contesting, in part, the two-level offense increase for obstruction of justice. During the sentencing hearing Ms. Brice continued to object to the obstruction of justice increase, and, in turn, the government presented witness testimony supporting the obstruction of justice offense level increase.[2] The district court took Ms. Brice's objections and other matters under advisement, allowing the parties to submit additional pleadings prior to continuing the hearing.

At the continued sentencing hearing the district court ruled on the matters taken under advisement, including the obstruction of justice objection, determining Ms. Brice willfully attempted to obstruct the administration of justice

---

[2] In particular, the government called a witness who testified that during April or May of 2006, Ms. Brice informed her they were being investigated and asked her to provide false information in the form of a statement or affidavit that the witness's two children, who had been illegally claimed as dependents on another person's tax return, were provided financial and other support by that person, which was not true.

during the course of the government's investigation of her offenses by attempting to conceal her criminal activities relating to her fraudulent tax schemes. In sentencing Ms. Brice within the Guidelines range of thirty-three to forty-one months incarceration, the district court explicitly stated it had considered the advisory Guidelines and the sentencing factors under 18 U.S.C. § 3553(a), which included the nature and circumstances of the offense and Ms. Brice's criminal history. It then sentenced Ms. Brice to thirty-seven months imprisonment.

## II. Discussion

Ms. Brice challenges her sentence on appeal solely on grounds the district court erred in applying the two-level obstruction of justice offense increase. The government responds, pointing out, in part, that Ms. Brice waived her right to appeal any sentence which was not beyond the maximum statutory sentence, which is five years for Count 1 and ten years for Count 9. In reply, Ms. Brice attempts to avoid the waiver of her appeal rights by claiming the government breached the terms and conditions in the plea agreement when it chose to participate in the sentencing hearing rather than enforce the appellate waiver by simply requesting or demanding the district court sentence her within the maximum terms proscribed by law. She also argues that by participating in the sentencing hearing, in both calling witnesses and permitting her to contest the accuracy of the presentence report, the government waived the protections of the

plea agreement. In support of her arguments, she suggests that if the appellate waiver applied, then no purpose existed for conducting an evidentiary sentencing hearing.

In considering the appeal, we first determine whether Ms. Brice waived her right to appeal. We do so by applying a three-factor analysis to determine whether: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant's waiver of appellate rights was knowing and voluntary; and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325-27. In this case, it is clear the disputed appeal falls within the waiver of her appellate rights because Ms. Brice waived her right to appeal any sentence not over the statutory maximum sentence, which was five years on Count 1 and ten years on Count 9, and the thirty-seven-month sentence she received is well below those maximum sentences. A review of the plea agreement and Rule 11 colloquy also establishes her plea was knowing and voluntary, which she does not contest on appeal.

As to the third factor, we have determined a "miscarriage of justice" occurs: (1) where the district court relied on an impermissible factor such as race; (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) where the sentence

exceeds the statutory maximum; or (4) where the waiver is otherwise unlawful. *Id.* at 1327 (quotation marks and citations omitted). In order "[t]o be 'otherwise unlawful,' [the d]efendant's waiver must embody an error that 'seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" *Ibarra-Coronel*, 517 F.3d at 1222 (citation omitted).

In this case, Ms. Brice does not contend, nor can we ascertain by the record provided, that the district court relied on an impermissible factor or that her counsel was ineffective, which is a claim we generally require to be raised on collateral review and find no exception to here. *See id.* In addition, as previously discussed, her sentence does not exceed the statutory maximum. *See id.* Lastly, Ms. Brice has also not shown or alleged that enforcing the waiver is unlawful, which requires a showing that the waiver embodies an error that "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Finally, we reject Ms. Brice's nonsensical contentions that: (1) the government breached the plea agreement or made her appellate waiver invalid by participating in the sentencing hearing; (2) no purpose existed for conducting an evidentiary sentencing hearing if the appellate waiver applied; and (3) the government was required to demand a maximum statutory sentence rather than contesting her objections at the sentencing hearing. Clearly, the purpose of the

sentencing hearing was to determine the length of her sentence, and in order to do that the district court needed to address the different objections raised by Ms. Brice and consider the § 3553(a) sentencing factors, advisory Guidelines, and other relevant law and facts applicable in her case. Because both Ms. Brice and the government had an interest in the length of the sentence she received, they also had an interest in assisting the court in its determination, regardless of whether or not she waived her appeal rights. Moreover, nothing in the plea agreement prevented the government, as a party to the proceeding, from responding to Ms. Brice's objections to the presentence report and presenting evidence. Fortunately for Ms. Brice, the district court did not simply apply the maximum statutory sentences to her offenses, as she suggests the government should have demanded, but, as required, carefully considered the § 3553(a) sentencing factors and advisory Guidelines in imposing her sentence, which fell well below the statutory maximum sentences for both offenses.

As a result, none of Ms. Brice's contentions establish her appeal waiver is unenforceable. Because we hold Ms. Brice's appeal waiver enforceable, we do not reach her substantive claim on the merits regarding the two-level obstruction of justice adjustment. *See Ibarra-Coronel*, 517 F.3d at 1221.

III.  Conclusion

Accordingly, we **DISMISS** this appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge