**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCA BONILLA-HOLGUIN,

Defendant-Appellant.

No. 09-5058
(D.C. No. 4:08-CR-00051-CVE-5)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Francisca Bonilla-Holguin pleaded guilty to maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court sentenced her to sixty-three and twenty-four months' imprisonment respectively, with the sentences to run concurrently. By plea agreement, Ms. Bonilla-Holguin waived

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her right to appeal her conviction or sentence unless her sentence exceeded the statutory maximum, which was twenty years' imprisonment for the premises offense and two years' imprisonment for the reentry offense. Notwithstanding the appeal waiver, Ms. Bonilla-Holguin filed a notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Ms. Bonilla-Holguin's counsel filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Counsel states that the only arguable nonfrivolous issue presented in the record is ineffective assistance of trial counsel in negotiating the appeal waiver, but that argument should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, since the district court has not had an opportunity to develop the factual record on the issue. *See, e.g., United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (recognizing claim of ineffective assistance of trial counsel usually must be raised in collateral proceeding). We gave Ms. Bonilla-Holguin an opportunity to file a pro se response to the motion to enforce. *See Anders*, 386 U.S. at 744. To date, she has not done so.

Nonetheless, under *Anders*, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce. *See id.* After doing so, we conclude that the requirements for enforcing the plea waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights;" (2) Ms. Bonilla-Holguin "knowingly and voluntarily waived [her] appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. As her counsel states, Ms. Bonilla-Holguin may properly bring an ineffective assistance of counsel claim concerning the negotiation of her appeal waiver in a collateral proceeding.

We GRANT the government's motion to enforce the plea agreement, GRANT counsel's motion to withdraw, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM