**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

MARIO ALDO SAUCEDA,

Defendant‑Appellant.

No. 10-2229
(D.C. No. 2:10-CR-00606-JEC-2)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **O'BRIEN**, Circuit Judges.


Mario Aldo Sauceda pleaded guilty to conspiracy to possess with the intent

to distribute less than five grams of methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), 846. The district court sentenced him to 188 months

in prison. In his plea agreement he waived his right to appeal his conviction or

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence, if the sentence was within the statutory maximum of thirty years, which it was. Despite the appeal waiver, Mr. Sauceda filed a notice of appeal.

Relying on *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the government has moved to enforce the appeal waiver. Mr. Sauceda's counsel has moved to withdraw and has filed an *Anders* response. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Counsel states that there are no nonfrivolous grounds for a direct appeal. Counsel recognizes that Mr. Sauceda may want to raise an ineffective assistance of counsel claim, but that he must do so in a collateral proceeding under 28 U.S.C. § 2255. *See, e.g., United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (recognizing that claims of ineffective assistance of trial counsel usually must be raised in collateral proceedings).

Mr. Sauceda was given an opportunity to file a pro se response to the motion to enforce. *See Anders*, 386 U.S. at 744. To date, he has not done so.

Under *Anders*, we have conducted an independent review of the plea agreement, plea hearing transcript, sentencing hearing transcript, and motion to enforce. *See id.* After doing so, we conclude that the requirements for enforcing the appeal waiver have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Sauceda "knowingly and voluntarily

-2-

waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1425. As counsel indicates, Mr. Sauceda may properly bring an ineffective assistance of counsel claim concerning the negotiation of his appeal waiver in a collateral proceeding.

Accordingly, we GRANT the government's motion to enforce the plea agreement, GRANT counsel's request to withdraw, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM