FILED
United States Court of Appeals
Tenth Circuit

August 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

REBECCA A. FULLER,

        Defendant-Appellant.

No. 12-6100
(D.C. No. 5:11-CR-00283-C-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.

Rebecca A. Fuller pleaded guilty to possession of pseudoephedrine knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court sentenced her to 121 months in prison. By plea agreement, Ms. Fuller waived the right to appeal her conviction or sentence unless her sentence exceeded the advisory guideline range. The advisory guideline range

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was 121 to 151 months in prison. Notwithstanding the appeal waiver, Ms. Fuller filed a notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Ms. Fuller's counsel filed a response stating that the only arguable nonfrivolous issue presented in the record is ineffective assistance of trial counsel in negotiating the appeal waiver. That argument, however, should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, since the district court has not had an opportunity to develop the factual record on the issue. *See, e.g., United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (recognizing claim of ineffective assistance of trial counsel usually must be raised in collateral proceeding); *Hahn*, 359 F.3d at 1327 & n.13 (recognizing ineffective assistance of counsel as exception to enforcing appellate waiver, but reiterating longstanding rule that such claims are generally properly considered on collateral review).

Nonetheless, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce. After doing so, we conclude that the requirements for enforcing the plea waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights;" (2) Ms. Fuller "knowingly and voluntarily waived [her] appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. As her counsel states, Ms. Fuller may properly

bring an ineffective assistance of counsel claim concerning the negotiation of her appeal waiver in a collateral proceeding.

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

<div style="margin-left: 50%;">

Entered for the Court
Per Curiam

</div>