**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHANTZ GERMAINE PATTERSON,
a/k/a Chantz Terrance Patterson, a/k/a
Chank,

     Defendant-Appellant.

No. 12-5107
(D.C. No. 4:11-CR-00149-CVE-2)
(N.D. Okla.)

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

Chantz Germaine Patterson pleaded guilty to two counts of conspiracy to

commit bank robbery, in violation of 18 U.S.C. § 371, two counts of bank robbery

with a dangerous weapon, in violation of 18 U.S.C. § 2113(a) & (d), and one count of

using, carrying, and brandishing a firearm during and in relation to a crime of

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to a total of 192 months in prison to be followed by three years' supervised release. In addition, the district court entered a restitution order in the amount of $4,336. By plea agreement, Mr. Patterson waived the right to appeal his conviction or sentence unless his sentence exceeded the statutory maximum. The statutory maximum sentence for the charges of conspiracy to commit bank robbery was five years, for the charges of bank robbery with a dangerous weapon was twenty-five years, and for the firearm charge was life imprisonment. Notwithstanding the appeal waiver, Mr. Patterson filed a notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Patterson's counsel filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). Counsel states that there are no nonfrivolous issues presented in the record.

Nonetheless, under *Anders*, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce. *See id.* After doing so, we conclude that the requirements for enforcing the plea waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights;" (2) Mr. Patterson "knowingly and

voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

This court afforded Mr. Patterson an opportunity to file a pro se response to the motion to enforce, *see Anders*, 386 U.S. at 744, which he did. Mr. Patterson contends that his attorney provided ineffective assistance of counsel in negotiating the guilty plea and in advising him concerning the plea. That claim should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, since the district court has not had an opportunity to develop the factual record on the issue. *See, e.g., United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (recognizing claim of ineffective assistance of trial counsel usually must be raised in collateral proceeding); *Hahn*, 359 F.3d at 1327 & n. 13 (recognizing ineffective assistance of counsel as exception to enforcing appellate waiver, but reiterating longstanding rule that such claims are properly considered on collateral review). Mr. Patterson may properly bring an ineffective assistance of counsel claim concerning the negotiation of his appeal waiver in a collateral proceeding.

We GRANT the government's motion to enforce the plea agreement, GRANT counsel's motion to withdraw, and DISMISS the appeal.

Entered for the Court
Per Curiam
