**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT LEE MCLEAN,

    Defendant - Appellant.

No. 17-5070
(D.C. No. 4:17-CR-00031-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **O'BRIEN**, and **McHUGH**, Circuit Judges.
_____

After entering into a plea agreement that included a waiver of his right to appeal, Robert Lee McLean pleaded guilty to improper use of another's passport and aggravated identity theft. Pursuant to the appeal waiver in the agreement, McLean waived the right to directly appeal the conviction and sentence, except that he reserved the right to appeal from a sentence that exceeded the statutory maximum. He was sentenced to a thirty-month term of imprisonment, which is below the statutory maximum. Despite the waiver, he appealed. The government has moved to

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce the appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc) (per curiam).  We grant the motion and dismiss the appeal.

Whether an appeal waiver is enforceable is a question of law.  *United States v.*

*Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).  Under *Hahn*, we evaluate a

motion to enforce a waiver by considering "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the

waiver would result in a miscarriage of justice."  359 F.3d at 1325.  "The burden

rests with the defendant to demonstrate that the appeal waiver results in a miscarriage

of justice."  *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

McLean first argues that his motion to withdraw his plea is outside the scope

of the waiver, but he does not dispute that his sentence is below the statutory

maximum.  He next argues that the waiver was not made knowingly or voluntarily

because he entered the plea agreement just two weeks after he was arrested and

charged and because he had expressed dissatisfaction with his counsel, but he does

not dispute that he was fully advised of and understood his rights when he entered

into the plea agreement.  Finally, he argues that a miscarriage of justice resulted

because he did not have the opportunity to file a motion to dismiss one of the

charges, but he does not argue that this case presents any of the four exclusive

situations where enforcing an appeal waiver results in a miscarriage of justice.  *See*

*United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011).

2

Based on our review of the record and McLean's arguments in response to the government's motion to enforce, he has not met his burden.  Therefore, the motion is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam