**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO GUZMAN-PLATEADO,

    Defendant - Appellant.

No. 19-2001
(D.C. No. 1:16-CR-04357-JAP-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Francisco Guzman-Plateado's plea agreement.  Exercising

jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

**BACKGROUND**

Guzman-Plateado pleaded guilty to reentry of a removed alien, in violation of

8 U.S.C. §§ 1326(a) and (b), and possession with intent to distribute heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The written plea agreement

included the following appeal waiver:

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the <u>Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence . . . at or under the maximum statutory penalty authorized by law</u>.  In addition, the Defendant agrees to waive any collateral attack on [his] conviction(s) and any sentence . . . except on the issue of defense counsel's ineffective assistance.  The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c), should the Sentencing Commission so authorize.

Mot. to Enforce, Ex. 1 at 9 (emphasis added).  The agreement listed the elements of both offenses and described the evidence against him, and by signing it, Guzman-Plateado acknowledged that those facts provided a factual basis for his guilty pleas.  *Id.* at 3-5.  The agreement also included a detailed explanation of the possible penalties for each conviction and the immigration consequences of his plea.  *Id*. at 2-3, 8-9.

The court provided an interpreter for Guzman-Plateado at his change-of-plea hearing, and the interpreter was used throughout the hearing.  Guzman-Plateado confirmed that he had read and discussed the written plea agreement with counsel before signing it.  He assured the court that he understood "each and every term of [the] plea agreement," *id.*, Ex. 2 at 10, and that his plea was voluntary, *id.* at 16.  After the court reminded him of the elements of the offenses, possible penalties, and immigration consequences of the plea, they had the following colloquy about the appeal waiver:

> THE COURT: [Y] our plea agreement contains a waiver of appeal rights.  Specifically, you're giving up your right to appeal your conviction and any sentence including any fine at or under the

2

maximum statutory penalty authorized by law.  Do you understand your waiver of appeal rights, sir?

THE DEFENDANT: Yes.

*Id*. at 15.  Guzman-Plateado repeatedly declined to ask questions when given the opportunity to do so, and when the court asked him toward the end of the advisement whether he had "any questions for [the court] or [his] attorney before I ask you how you plead to the charge[s]," he responded "No."  *Id*. at 16.

At the sentencing hearing, the court adopted the guidelines range the parties contemplated in the plea agreement and sentenced Guzman-Plateado within that range to concurrent 70-month prison terms.

Despite his broad appeal waiver, Guzman-Plateado now appeals.  He opposes the government's motion to enforce the appeal waiver on the ground that his plea was not knowingly and voluntarily.

## DISCUSSION

Whether a defendant's appeal waiver is enforceable is a question of law we review de novo.  *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).  In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

3

Guzman-Plateado concedes that the appeal falls within the scope of the appeal waiver, and he does not claim that enforcement of his plea would be a miscarriage of justice. We thus limit our analysis to the question whether his appeal waiver was knowing and voluntary. When making that determination,

> *Hahn* instructs us to look to the plea agreement and the explanation the district court provided to the defendant. Thus, we ordinarily look to (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily; and (2) whether the district court conducted an adequate [Rule] 11 colloquy.

*United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir. 2014) (internal quotation marks omitted). "[I]f the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand." *Id*. at 1189.

Guzman-Plateado does not claim he did not understand the appeal waiver itself. Instead, he claims his plea was not knowing and voluntary because he did not understand the elements of the possession-with-intent-to-distribute charge. Specifically, he claims counsel did not give him a Spanish-language version of the written plea agreement and could not provide an adequate elemental advisement because counsel did not speak Spanish or use an interpreter.

But at the change-of-plea hearing, through the interpreter, Guzman-Plateado responded "Yes" when the court asked whether his attorney had read the plea agreement to him "word-for-word in its entirety in Spanish." Mot. to Enforce, Ex. 2 at 10. He also acknowledged that he had read a Spanish-language version of the superseding indictment, which detailed the elements of both offenses. *Id.* at 4-5. In addition, the prosecutor explained the elements through the interpreter and

4

Guzman-Plateado confirmed that he understood. *Id.* at 5-7. Although he told the court during its factual-basis questioning that he is an addict and wanted the drugs for his personal use, he admitted that he "intended to share that heroin with another person," and that there was thus a factual basis for his plea. *Id.* at 17-19. And when the prosecutor explained to the court after that colloquy that the amount of drugs found in Guzman-Plateado's home was "not consistent with personal use" and was instead "consistent with an intent to distribute," Guzman-Plateado agreed that the government would be able to prove those facts if the case went to trial. *Id.* at 19. On this record, we conclude that Guzman-Plateado has failed to meet his burden of showing that his plea, and in particular the appeal waiver, was not knowing and voluntary.

To the extent Guzman-Plateado claims his attorney was ineffective, that claim also falls within the scope of the appeal waiver, which contemplates that an ineffective assistance of counsel claim could be raised in a "collateral attack to [his] conviction(s) and [] sentence." Mot. to Enforce, Ex. 1 at 9; *see also United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (explaining that the rule generally barring ineffective assistance claims on direct review "applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel"); *Hahn*, 359 F.3d at 1327 n.13 ("Generally, we only consider ineffective assistance of counsel claims on collateral review. Our holding today does not disturb this longstanding rule." (citation omitted)).

## CONCLUSION

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam