**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREZ MARCELL HALL,

    Defendant - Appellant.

No. 18-6226
(D.C. No. 5:18-CR-00068-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

The district court sentenced Andrez Marcell Hall to fifty-seven months in

prison and three years of supervised release after he pled guilty to being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g).  Mr. Hall appeals his

sentence on the ground that the district court erred in applying a four-level

enhancement under USSG § 2K2.1(b)(6)(B), even though his plea agreement

contains a broad waiver of his appellate rights.  The government asks this court to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We dismiss the appeal based on the waiver.

## I.    BACKGROUND

In 2018, Mr. Hall sold cocaine to a criminal informant (CI) during a controlled buy. The drug transaction took place inside a known drug house, but the CI saw a firearm in Mr. Hall's car when the men were walking away from the house and alerted the police. The police stopped Mr. Hall for traffic infractions and seized a Glock semi-automatic pistol and ammunition during the traffic stop. After his indictment for violations of 18 U.S.C. §§ 922(g)(1) and 924(d), Mr. Hall filed a motion to suppress the seized evidence. The district court conducted an evidentiary hearing and denied the motion.

Mr. Hall ultimately pled guilty to a § 922(g)(1) violation. In his plea agreement, he "knowingly and voluntarily" waived "his right to appeal his guilty plea, and any other aspect of his conviction." R., Vol. 2 at 58. He also waived "his right to appeal his sentence . . . and the manner in which the sentence [was] determined." *Id.* But he reserved his right to appeal (1) the district court's order denying his motion to suppress; and (2) the substantive reasonableness of his sentence, if the court imposed a sentence above the advisory guideline range.

The district court calculated Mr. Hall's offense level at 21 and assigned him a criminal history category of IV, resulting in a guidelines range of fifty-seven to seventy-one months. In arriving at those numbers, the court added a four-level enhancement under § 2K2.1(b)(6)(B) because he "possessed the firearm in

2

connection with distribution of controlled substances." R., Vol. 2 at 16 (presentence investigation report adopted by the district court). Mr. Hall unsuccessfully objected to the enhancement. The district court sentenced him to fifty-seven months in prison and three years of supervised release, at the low end of the guideline range.

Mr. Hall now challenges the enhancement under § 2K2.1(b)(6)(B). For that guideline to apply, the firearm must facilitate (or have the potential to facilitate) another felony or be found "in close proximity to drugs." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) cmt. n.14(a), (b) (U.S. Sentencing Comm'n 2018). But here, the firearm was in the car during the drug transaction, and Mr. Hall contends no record evidence supports the inference of a nexus between the weapon and narcotics activity. Mr. Hall acknowledges that his sentence was within the advisory guideline range and does not seek to appeal either of the issues he excepted from the waiver.

## II. DISCUSSION

Although this case presents an interesting legal issue, our analysis begins and ends with Mr. Hall's waiver of his appellate rights. The enforceability of an appeal waiver within a plea agreement is a question of law, which we review de novo. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).

*Hahn* sets forth three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."

3

359 F.3d at 1325. The government addresses each of these factors, but Mr. Hall focuses only on the second one. We limit our analysis accordingly. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that the court need not address a *Hahn* factor if the defendant does not make a corresponding argument).

Mr. Hall asks us to find that his waiver was not "knowing and intelligent" because his "right to appeal the district court's suppression ruling, which induced him to plead guilty and waive all other appellate rights, was valueless—and not just in hindsight, but at the time of the plea." Aplt. Reply Br. at 1, 4. He explains that his motion to suppress challenged only one of three underlying traffic violations that led to the stop; by failing to contest the remaining two, "[h]e effectively conceded that no Fourth Amendment violation occurred" and thus waived any argument that the suppression ruling was erroneous. *Id.* at 2. In other words, he is "effectively barred from appealing the district court's [suppression] ruling."[1] *Id.* at 3.

In determining whether a defendant knowingly and voluntarily waived his appellate rights, "we look primarily to two factors . . . : (1) whether the language of the plea agreement states that he entered the agreement knowingly and voluntarily, and (2) whether the record reveals an adequate colloquy under Federal Rule of Criminal Procedure 11." *United States v. Sandoval*, 477 F.3d 1204, 1207

---

[1] Mr. Hall acknowledges that Rule 12 of the Federal Rules of Criminal Procedure "does allow for the review of an untimely suppression argument upon a showing of good cause" but says "it is difficult to imagine" how he could make such a showing. Aplt. Reply Br. at 3 n.1.

(10th Cir. 2007). "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013).

The defendant "bears the burden to demonstrate that [the] waiver was not knowing and voluntary." *Sandoval*, 477 F.3d at 1207. Here, Mr. Hall concedes his "plea agreement and the Rule 11 colloquy both clearly stated that [he] was waiving his appellate rights knowingly and voluntarily." Aplt. Reply Br. at 5. He does not challenge the adequacy of the colloquy, and our review of the record confirms it was thorough. The district court questioned Mr. Hall and confirmed that he understood his plea agreement as a whole and his appeal waiver in particular. At one point, Mr. Hall even summarized his understanding as to the rights he had reserved. Under these circumstances, Mr. Hall falls short of satisfying his burden on the knowing-and-voluntary factor. *Cf. Sandoval*, 477 F.3d at 1207 (finding the defendant did "not come close to satisfying this burden" where his plea agreement explicitly stated that the defendant waived his appeal rights "knowingly" and the Rule 11 colloquy was thorough (internal quotation marks omitted)).

We confine our analysis to the factors outlined in *Hahn* and its progeny. The notion of a defendant receiving the benefit of the bargain in a plea agreement is not part of this court's jurisprudence on the second *Hahn* factor. Moreover, expanding our analysis to delve into the "implicit" promises of a plea agreement, as Mr. Hall

5

urges us to do, *see* Aplt. Reply Br. at 5, would inappropriately shift the focus from the general application of a waiver to the specific consequences. "[I]n the context of an appeal waiver we have rejected the notion 'that a defendant must know with specificity the result he forfeits before his waiver is valid.'" *Sandoval*, 477 F.3d at 1208 (quoting *Hahn*, 359 F.3d at 1327). Likewise, the Supreme Court has emphasized that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may now know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

### III.   CONCLUSION

Mr. Hall has not demonstrated that his waiver of appellate rights was not knowing and voluntary. Accordingly, we enforce the waiver and dismiss the appeal, without prejudice to Mr. Hall raising allegations of ineffective assistance of counsel in a collateral proceeding.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6