**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO SHANNON DONOVAN
BROWN,

    Defendant - Appellant.

No. 21-3185
(D.C. No. 5:19-CR-40081-TC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.

_____

Antonio Brown has appealed from his sentence despite the appeal waiver in his plea agreement. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Brown, through counsel, has filed an opposition. For the reasons explained below, we will grant the government's motion and dismiss this appeal.

A grand jury indicted Brown in August 2019 for various drug- and gun-related offenses. In May 2021, Brown signed an agreement to plead guilty to a one-count superseding information, charging him with using a communication facility to further

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a felony controlled-substance offense, in violation of 21 U.S.C. § 843(b). In exchange, the government agreed to dismiss the indictment. *See* Mot. for Enf't of Appeal Waiver ("Motion"), Attach. A ¶ 5(a). The government also agreed to recommend a four-year prison sentence, *id.* ¶ 5(c), although that is the statutory maximum, *id.* ¶ 1. The plea agreement warned Brown that the actual sentence imposed was entirely up to the district court and "he will not be permitted to withdraw his guilty plea" if the district court "imposes a sentence with which he does not agree." *Id.* ¶¶ 6, 8. Finally, as relevant here, Brown agreed to waive his appeal rights:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein . . . . [T]he defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable.

*Id.* ¶ 10.

At the change-of-plea hearing, the district court conducted a thorough colloquy with Brown, confirming that:

- he could receive a sentence of up to four years;

- the court was not bound by any sentencing recommendation;

- disappointment with the sentence imposed was not a basis for withdrawing the plea;

- he was giving up his appeal rights other than as stated in the plea agreement; and

- he "had the opportunity to fully and sufficiently discuss with [his] lawyer the impact that waiver . . . may have in [his] ability to subsequently challenge any sentence imposed by [the] court," Motion, Attach. B ("Change-of-Plea Tr.") at 30–31.

The court also obtained Brown's admission that he committed the acts underlying the criminal charge. The court therefore found that Brown intelligently and voluntarily waived his rights, and it accepted the plea agreement.

In between the change-of-plea hearing and the sentencing hearing, Brown moved to withdraw his plea, received new counsel, reconsidered, abandoned his motion to withdraw, and went forward with sentencing. At the sentencing hearing, the district court noted that the recommended sentence under the Sentencing Guidelines would have been "quite significant[ly]" higher than four years but for that being the statutory maximum. Motion, Attach. C at 20. But the court could not sentence him to more than four years, so that became the Guidelines recommendation by default.

The district court imposed the four-year maximum sentence, as recommended. Brown then filed a timely notice of appeal, prompting the government to file the motion now at issue.

**1.** Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d

at 1325.  Brown does not argue otherwise, nor do we see a viable argument.  The appeal waiver explicitly embraces the sentence imposed, and the only exception (for an above-Guidelines sentence) does not apply.

**2.**  We next ask "whether the defendant knowingly and voluntarily waived his appellate rights."  *Id.*  Brown has three arguments here.

First, Brown claims "duress" because "his children were in foster care . . . . He believed his guilty plea would result in a sentence which would allow him to be released in time to prevent their adoption."  Def. Resp. to Mot. to Enforce Appeal Waiver ("Response") at 4 & n.1.  Brown acknowledges these facts are "not a part of the record."  *Id.* at 4 n.1

This appears to be an attack on his guilty plea generally, not on the appeal waiver, but "if the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand."  *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).  Even so, Brown does not ask to be excused from his plea agreement (a course he abandoned below), but only from the appeal waiver, showing that he wishes to attack the length of his sentence.

We reiterate that the plea agreement and the district court repeatedly warned Brown that the sentence was in the court's discretion and dissatisfaction with the court's eventual decision was not a basis to withdraw the plea.  Moreover, Brown knew that the government would recommend the four-year maximum sentence.  And we find one exchange between the court and Brown, although in the context of establishing competency, to be equally relevant to duress:

4

> THE COURT: If I were to ask you whether you believe you are mentally competent to enter into a significant agreement that will affect you the rest of your life, what would your answer be?
>
> THE DEFENDANT: Yes.

Change-of-Plea Tr. at 9–10.  We thus reject Brown's duress argument.

Second, Brown notes that he signed the plea agreement on "the day of the [change-of-plea] hearing," so he "would argue that this is evidence that 21 months into his case, he had only one day to consider the actual written plea agreement and the consequences thereof."  Response at 5.  But "[d]efendant bears the burden of demonstrating [his] waiver was not knowing and voluntary."  *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008).  The equivocal phrasing and conditionality of this argument (he "*would* argue that this is *evidence*" that "he had only one day to consider *the actual written plea agreement*") does not satisfy that burden.

Third, Brown says "that while he understood that there was an appeal waiver, he did not understand the full scope of that waiver and the impact it would have later in the proceedings."  *Id.* at 6.  But he does not explain how the appeal waiver, as written, fails to convey its scope.  Nor does he say that he failed to discuss the waiver with his attorney.  That would be contrary to his change-of-plea testimony anyway.  *Cf. Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [at a change-of-plea hearing] carry a strong presumption of verity.  The subsequent

presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . .").

We therefore reject Brown's arguments that he unknowingly or involuntarily waived his appeal rights.

**3.** Last, we ask "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. In this context, "miscarriage of justice" means one of four things: (1) "the district court relied on an impermissible factor such as race"; (2) the defendant's attorney rendered ineffective assistance "in connection with the negotiation of the waiver"; (3) "the sentence exceeds the statutory maximum"; or (4) the waiver represents an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327 (internal quotation marks omitted).

Brown's only miscarriage-of-justice argument is that "he was not given the opportunity to assert his innocence." Response at 7. Brown is incorrect. He had the opportunity to go to trial. He chose to plead guilty instead. Also, he confirmed to the district court that he committed the conduct underlying the criminal charge, so we may summarily disregard his new, unsupported claim of innocence. *See Blackledge*, *supra*.

In sum, we find this appeal falls within Brown's appeal waiver and that no *Hahn* factor counsels against enforcement of the waiver. We therefore grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam