FILED
United States Court of Appeals
Tenth Circuit

April 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO SAUCEDO-AVALOS,

    Defendant - Appellant.

No. 15-3270
(D.C. No. 2:14-CR-20071-JAR-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

    Mario Saucedo-Avalos pled guilty to conspiracy with intent to distribute more

than 50 grams of methamphetamine and was sentenced to a term of 360 months in

prison followed by five years of supervised release. Although his plea agreement

included a broad waiver of appellate rights, he brought this appeal to challenge his

plea and conviction on numerous grounds. The government has moved to enforce the

appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir.

2004) (en banc) (per curiam). We grant the motion and dismiss the appeal, though

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we do so without prejudice to any post-conviction motion Mr. Saucedo-Avalos may file under 28 U.S.C. § 2255 raising the multiple ineffective-assistance claims he has attempted to assert here.

In his plea agreement, Mr. Saucedo-Avalos "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed," including "any right to challenge his sentence, or the manner in which it was determined, . . . except to the extent, if any, the [district court] departs upwards from the sentencing Guideline range that the [district court] determines to be applicable." Dist. Ct. Doc. 177, at 10. The agreement also excepted from the waiver "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." *Id.*

The government's motion to enforce the appeal waiver demonstrates in a facially sufficient manner that (1) the waiver generally applies to this appeal, (2) the waiver was knowing and voluntary, and (3) there are no circumstances evident on the record to suggest a miscarriage of justice.[1] *See Hahn*, 359 F.3d at 1325 (summarizing three components of court's inquiry when enforcing appeal waiver). In response, Mr. Saucedo-Avalos' counsel stated he could discern no non-frivolous grounds to oppose the waiver, and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). He did, however, note two issues evident from the record "that

---

[1] A miscarriage of justice occurs when (a) "the district court relied on an impermissible factor such as race"; (b) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (c) "the sentence exceeds the statutory maximum"; or (d) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

might arguably support the appeal," as per his duty under *Anders*. *Id.* at 744. Mr. Saucedo-Avalos then submitted his own pro se response to the government's motion, specifying several issues he wishes to raise on appeal. We hold none of these issues provides grounds for circumventing the waiver in the plea agreement.

Counsel first notes that the district court did not inform Mr. Saucedo-Avalos at the plea hearing about several matters pertaining to his guilty plea and the rights he was waiving: that the government could use against him in a prosecution for perjury or false statement any statement he made under oath; that he had a right to counsel not only at trial but at every stage of the proceeding; and that he had a right not only to call and cross-examine witnesses but also to compel the attendance of witnesses. But counsel explains that this (belatedly raised) omission could constitute prejudicial error affecting substantial rights, as required to undermine the validity of his plea and associated appeal waiver, only if Mr. Saucedo-Avalos showed he would not have pled guilty had he been informed of these points. *See United States v. Rollings*, 751 F.3d 1183, 1191 (10th Cir.), *cert. denied*, 135 S. Ct. 494 (2014). Counsel notes there is no support in the record for such a showing. Indeed, the petition to plead guilty *specifically recited every one of these points*, *see* Dist. Ct. Doc. 176, at 1-2, and also represented Mr. Saucedo-Avalos had "read, understood, and discussed with [his] attorney" everything in the petition, *id.* at 5. *See Rollings*, 751 F.3d at 1191 ("If a defendant receives the information omitted by the district court from other sources, he generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." (internal quotation marks omitted)). Finally, Mr. Saucedo-

3

Avalos himself does not contend the omission of a reference to these matters at the plea hearing had any effect on his decision to plead guilty. Under the circumstances, we see no reason for refusing to enforce the appeal waiver on this basis.

Counsel also notes Mr. Saucedo-Avalos may wish to argue on appeal that the district court failed to make particularized findings at sentencing as to drug quantities attributable to him and that such an omission was plain error, as found in *United States v. Biglow*, 554 F. App'x 679, 684-85 (10th Cir. 2014). But counsel notes the district court did make a specific finding attributing to Mr. Saucedo-Avalos a drug transaction involving 13 pounds of methamphetamine, which was itself a sufficient basis for the offense level found in support of the sentence imposed. Thus, counsel concedes, Mr. Saucedo-Avalos could not show that any error in the completeness of the district court's findings "affected the outcome of the district court [sentencing] proceedings," as required to avoid the appeal waiver under the "otherwise unlawful" prong of the miscarriage-of-justice exception, *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (internal quotation marks omitted). In any event, we note a more basic problem with relying on this alleged sentencing error (in contrast to an error potentially affecting the plea and associated appeal waiver) to oppose the government's motion to enforce: this court has repeatedly held that an appeal waiver cannot be avoided simply by raising possible error with respect to the computation of sentence, because to do so would be to nullify an appeal waiver based on the very sort of claim it was intended to waive. *See United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (explaining this is import of *Hahn*'s statement

4

that miscarriage-of-justice exception "looks to whether the *waiver* is otherwise unlawful, . . . not to whether another aspect of the proceeding may have involved legal error" (internal quotation marks omitted)).

In his pro se response, Mr. Saucedo-Avalos advances several objections to his counsel's performance. But claims of ineffective assistance of counsel should in nearly all cases be raised in collateral proceedings; if "brought on direct appeal [they] are presumptively dismissible." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). In particular, such claims are not available on direct appeal when, as here, they were not "raised before and ruled upon by the district court." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). And this rule of unavailability applies even though the ineffective-assistance claim is invoked in an effort to invalidate an appeal waiver. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005). Under such circumstances, we properly enforce the appeal waiver on direct appeal, *see id.* at 1144, but do not thereby prejudice the defendant's ability to pursue the ineffective-assistance claims on collateral review, *see, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

Mr. Saucedo-Avalos also alleges that, due to an equipment malfunction, he was denied a meaningful opportunity to participate in his sentencing hearing. Even assuming this objection to the hearing process is not the sort of sentence-computation error categorically excluded from the miscarriage-of-justice inquiry under *Smith*, it still fails to avoid the appeal waiver by satisfying the outcome-determinative test required for invoking the "otherwise unlawful" principle, *see Ibarra-Coronel*,

5

517 F.3d at 1222. Mr. Saucedo-Avalos has not even attempted to show his sentence was in any way affected by the consequences of the alleged malfunction.

Mr. Saucedo-Avalos contends a passage of the plea transcript indicates that he did not know the nature of the charge to which he pled guilty (notwithstanding recitations in the plea agreement, the plea petition, and at the hearing to the contrary). The cited passage reflects Mr. Saucedo-Avalos conferring briefly with his counsel after the court noted the statutory sentencing range, because "he wanted to know what he was specifically charged with, and [counsel] advised him [it was] the conspiracy with intent [count]," Dist. Ct. Doc. 280, at 17. The court asked if they needed more time to discuss it, and counsel stated: "I don't believe so, Your Honor. I think he understands that." *Id.* While Mr. Saucedo-Avalos is a Spanish speaker with limited English skills, an interpreter was used at the plea hearing and Mr. Saucedo-Avalos never indicated his understanding of the proceedings was compromised by language difficulties. On the contrary, he affirmatively represented that he was able to understand the interpreter. *Id.* at 3. Under the circumstances, his conclusory and unsubstantiated (indeed, contradicted) assertion that he did not understand the charge to which he pled guilty does not suffice to demonstrate that his appeal waiver is unenforceable. *Cf. Ibarra-Coronel*, 517 F.3d at 1222-23.

In a similar vein, Mr. Saucedo-Avalos points to another passage of the plea transcript in which the prosecutor proffered the factual basis of the plea by asking him if he had reviewed facts recited over several pages of the plea agreement and whether they accurately reflected what the government could prove at trial. *See* Dist.

6

Ct. Doc. 280, at 20. He answered yes to both inquiries. He now contends this record alone cannot establish that he understood what facts the prosecutor was referring to, particularly given his counsel's failure to use an interpreter when previously going over the plea agreement with him. Significantly, he does not claim that those facts were false, that there was actually no factual basis for his guilty plea, or that his decision to plead guilty *had anything to do with* the particular facts proffered to support his guilt of the offense he admitted committing. Under the circumstances, Mr. Saucedo-Avalos has not shown that any deficiency in the record made by the prosecution with respect to the factual basis for his plea affected its validity and, consequently, the enforceability of the associated appeal waiver. *See Rollings*, 751 F.3d at 1193.

More apt in that critical respect, at least facially, is his final contention that, due to the lack of an interpreter during his discussions with counsel, he "developed a belief that he was pleading guilty in exchange for a 10 year maximum sentence"—a belief at odds with the 360-month sentence he ultimately received. Pro Se Resp. at 3.[2] The deficiency in this argument is that Mr. Saucedo-Avalos' alleged belief was clearly refuted at the plea hearing, during which the district court explained to him, with the assistance of an interpreter, that the statutory sentencing range was 10 years to life, *see* Dist. Ct. Doc. 280, at 16, 17, and that the court was free to sentence him unconstrained by any recommendations from the parties, *see id.* at 10. He now contends, in conjunction with a request to supplement/correct the appellate record,

---

[2] This response is titled "Motion to Supplement; Settle Record on Appeal."

7

that when the court asked him specifically whether he understood the potential sentencing range, he did not just answer "Yes," as the transcript reflects, *id.* at 17, but went on to add: "but my lawyer has assured me that I would be sentenced to no more than 10 years," Pro Se Resp. at 3. Even if supplemented with this unsubstantiated interpolation, Mr. Saucedo-Avalos' contention regarding an erroneous sentencing expectation developed in discussions with counsel still would not render his plea and appeal waiver invalid. Given the district court's explanation about the sentencing range and its authority to impose a sentence within that range unconstrained by the parties' recommendations, Mr. Saucedo-Avalos can claim only that, when he pled guilty, "[c]ounsel may have estimated, and [he] may have expected, a sentence substantially less than the [thirty] years imposed"—circumstances this court has repeatedly held "do not invalidate a plea or render it involuntary," *Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir. 1995); *see also United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (collecting cases).

The government's motion is granted and the appeal is dismissed. Counsel's motion to withdraw is granted. Mr. Saucedo-Avalos' motion to supplement the record is denied.[3]

Entered for the Court
Per Curiam

---

[3] We have considered the few supplementations/corrections to the record offered in Mr. Saucedo's response to the government's motion to enforce, and (as above) they do not alter our analysis in any material way. We therefore deny as moot his request to supplement/correct the record.