FILED
United States Court of Appeals
Tenth Circuit

February 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEONARD RAY FOSTER,

    Defendant - Appellant.

No. 18-6103
(D.C. No. 5:17-CR-00082-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant-Appellant Leonard Foster pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S.C. § 1957(a) in connection with a gift-card scheme. 1 Aplt. App. 31. He was sentenced to 188 months' imprisonment and three years' supervised release and ordered to pay restitution. Id. at 32–33, 36. Mr. Foster's plea agreement included a waiver of his right to appeal. Despite that waiver, he now appeals from his sentence.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

His appellate counsel — believing Mr. Foster to lack any meritorious, nonfrivolous ground for appeal — moved to withdraw from representation and filed an Anders brief. See Aplt. Br. at 2–4. Mr. Foster has been provided with the required notice and the Anders brief and has not submitted a response. See 10th Cir. R. 46.4(B)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion to withdraw and dismiss this appeal.

When counsel for a defendant has conscientiously examined a client's case and determined that any appeal would be "wholly frivolous," counsel is permitted to move to withdraw as appellate counsel and file a brief explaining to the court of appeals why the appeal lacks merit. See Anders v. California. 386 U.S. 738, 744 (1967). This is known as an "Anders brief." Under Anders, the court of appeals examines the case and counsel's evaluation and makes an independent determination whether the appeal has merit. See United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If the court agrees the appeal is frivolous, it may grant the motion to withdraw and dismiss the appeal. Id.

Mr. Foster argues the district court erred when it overruled three of his objections to the Presentence Investigation Report's Sentencing Guidelines range calculation which included enhancements for: (1) employing "sophisticated means" in carrying out his offense, see U.S.S.G. § 2B1.1(b)(10)(C) (U.S. Sentencing Comm'n 2016); (2) possessing a firearm in connection with his offense, see id. § 2B1.1(b)(15)(B); and (3) being an "organizer or leader" of an extensive criminal activity, see id. § 3B1.1(a). See Aplt. Br. at 5.

2

Mr. Foster's counsel and the government both indicate that an appeal on these issues is precluded by Mr. Foster's appellate waiver in his plea agreement.[1] We agree.

When a plea agreement contains a waiver of the defendant's right to appeal, we will uphold that waiver if (1) the disputed appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver will not result in a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Applying that standard to the facts demonstrates that Mr. Foster's appeal is precluded.

The plea agreement contained the following waiver:

> Except as stated immediately below, Defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory Guideline range determined by the Court to apply to his case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of his sentence[.]

1 Aplt. App. 26.[2] The only basis for appeal not waived by Mr. Foster's plea agreement is a substantive attack on a sentence above the guideline range. But he was sentenced within the guideline range (188 months, with a range of 188 to 235

---

[1] The government first raised the appellate waiver in its response brief. Aplee. Br. at 5 n.3. While "judicial economy is best served when the Government asserts waiver in a motion to dismiss," failing to do so does not preclude the government from later raising the issue in its response. See United States v. Ibarra-Coronel, 517 F.3d 1218, 1221 n.3 (10th Cir. 2008).

[2] Mr. Foster also agreed to waive his right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255. 1 Aplt. App. 26.

3

months), id. at 97, and the three grounds for appeal concern "the manner in which the sentence is determined," or procedural attacks. Hahn's first factor is satisfied because an attack on the sentence imposed by the district court is clearly precluded by the plain language of Mr. Foster's plea agreement. See Hahn, 359 F.3d at 1325. The second factor, too, is satisfied because there is no evidence in the record to contradict Mr. Foster's acknowledgements that he entered into the plea agreement after he "discussed its terms with his attorney" and that he understood and accepted the terms. 1 Aplt. App. 30. At the plea colloquy he confirmed to the district court that he understood his plea agreement and the rights he chose to waive by pleading. See generally 1 Aplee. Supp. App. 12–27. Thus, he cannot show that his waiver was not "knowing" or "voluntary." See Hahn, 359 F.3d at 1325. And finally, given the lack of any exceptional circumstances, enforcing the waiver in Mr. Foster's agreement will not lead to any "miscarriage of justice" under Hahn's final factor. See id.

Counsel's motion for leave to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4