FILED
United States Court of Appeals
Tenth Circuit

July 7, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE MANQUAN YARCLAY,

    Defendant - Appellant.

No. 19-6174
(D.C. No. 5:18-CR-00036-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

A plea agreement may encapsulate a defendant's waiver of certain rights—

including his right to appeal an agreed upon punishment. In pleading guilty to bank

fraud, Defendant Jesse Manquan Yarclay waived his right to challenge the manner in

which the district court arrived at his sentence. Even so, he now challenges the

calculation of his sentence. And he also challenges the sentence's substantive

reasonableness. Under the facts presented, we will enforce Defendant's appellate

waiver on his calculations argument. We reach his substantive reasonableness claim,

but conclude that the district court did not abuse its discretion when it imposed an

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

upward variance.  Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm Defendant's sentence.

I.

Defendant used stolen identities and stolen bank account information to defraud unsuspecting victims of over $95,000. In a few short months, Defendant cashed twenty-four counterfeit checks at five banks on the accounts of eighteen payors under the stolen identities of eight payees.

Liberty National Bank in southwestern Oklahoma knew Defendant engaged in this activity.  It even posted his picture at every teller station in every branch.  When Defendant entered a Liberty National Bank branch one afternoon, a teller recognized him as he tried to cash a fraudulent check.  The teller notified the bank's president, Mark Henry ("Henry"), who went to confront Defendant. Defendant quickly exited the building and Henry followed.  Outside, Henry confronted him, and Defendant said something menacing in return.  Feeling threatened, Henry immediately went back in the bank.  Law enforcement arrested Defendant the next day.

A grand jury indicted Defendant with one count of conspiracy to commit bank fraud, five counts of bank fraud, three counts of aggravated identity theft, and one count of being a felon in possession of a firearm.  Defendant entered a written plea agreement, pleading guilty to bank fraud in violation of 18 U.S.C. § 1344.  In his plea agreement, Defendant agreed to waive his right to appeal the district court's sentence and the manner in which the district court determined that sentence.  But Defendant

2

preserved his right to appeal the sentence's substantive reasonableness if the court imposed a sentence exceeding the Guidelines.

The Presentence Investigation Report ("PSR") noted the statutory provision allowed for a 30-year maximum imprisonment term. The United States Sentencing Guidelines ("Guidelines") calculation recommended an imprisonment range of 41 months to 51 months based on Defendant's total offense level and criminal history category. At sentencing, the district court heard testimony related to Defendant's objections to the PSR. It then made Federal Rule of Criminal Procedure 32(i)(3) findings and adopted the PSR's factual findings for all sentencing-related purposes. After arguments from both parties, the district court analyzed Defendant's case under the factors set forth in 18 U.S.C. § 3553(a) and varied upward, sentencing Defendant to 72 months' imprisonment. Defendant now appeals the district court's upward variance from the Guideline range and the sentence's substantive reasonableness.

## II.

We review the enforceability of an appeal waiver within a plea agreement de novo. United States v. Ibarra-Coronel, 517 F.3d 1218, 1221 (10th Cir. 2008). We review the reasonableness of all sentences for an abuse of discretion. United States v. Balbin-Mesa, 643 F.3d 783, 786–87 (10th Cir. 2011). An abuse of discretion occurs if the district court's judgment is arbitrary, capricious, whimsical, or manifestly unreasonable. Id. at 787.

III.

Defendant contends the district court erred by enhancing his sentence because his crime involved ten or more victims and because he used one means of identification to produce another. He also argues that the district court's above-Guideline sentence was substantively unreasonable. We first determine whether Defendant's waiver is enforceable and precludes his sentencing enhancement argument. Concluding it does, we then address whether the district court imposed a substantively reasonable sentence.

A.

We employ a three-pronged analysis when determining enforceability of an appellate waiver.[1] United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). First, we consider "whether the disputed appeal falls within the scope of the waiver of appellate rights." Id. Second, we look at whether Defendant "knowingly and voluntarily waived his appellate rights." Id. And third, we evaluate "whether enforcing the waiver would result in a miscarriage of justice." Id.

To determine scope, we strictly construe the appeal waiver reading any ambiguities against the government and in favor of Defendant's appellate rights. Id. Defendant does not directly dispute whether the appeal falls within the scope of the appellate waiver. Instead, he seeks to make an end run around the appeal waiver by

---

[1] At his sentencing, Defendant objected to the PSR and raised arguments about a two-level enhancement application contesting whether his crime involved ten or more victims. Because we find Defendant's appellate waiver enforceable, we will not address that argument.

4

suggesting we should evaluate *the manner* in which the court calculated the Guideline range as part of our substantive reasonableness analysis. Appellant Reply Br. at 2. Defendant contends that we may reach the calculations because "the line between procedural and substantive reasonableness is blurred." See id. at 3 (citing United States v. Barnes, 890 F.3d 910, 917 (10th Cir. 2018)). According to Defendant, we should not divorce the substantive reasonableness from the procedure because the procedure created the unreasonableness. We need not divorce the two because Defendant did so himself when he agreed to the waiver. The waiver states, "[D]efendant waives his right to appeal his sentence as imposed by the Court, including . . . the manner in which the sentence is determined." ROA Vol. I at 55. Strictly construing the plea agreement, Defendant's appeal falls within the scope of the appellate waiver.

Under prong two we determine whether Defendant knowingly and voluntarily waived his right to appeal. Hahn, 359 F.3d at 1325. We first consider whether Defendant's plea agreement contained language stating he entered the agreement knowingly and voluntarily. Id. Second, we review the record to see if an adequate Federal Rule of Criminal Procedure 11 colloquy exists. Id. Again, Defendant does not argue he did not enter the plea agreement knowingly and voluntarily. The record establishes that he did.[2] And the district court conducted a thorough Rule 11 colloquy during the plea proceedings. So the appellate waiver satisfies prong two.

---

[2] Defendant's waiver of right to appeal in his plea agreement contains a "knowing and voluntary" clause. ROA Vol. I at 55.

Prong three—our last consideration—asks us to determine if enforcing the appellate waiver will lead to a miscarriage of justice. Id. at 1327. We consider certain exceptions to appellate waivers such as when (1) the district court "relie[s] on an impermissible factor such as race"; (2) ineffective assistance of counsel occurs during waiver negotiations; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001). Defendant does not argue a miscarriage of justice occurred, and the record lacks evidence that any waiver exceptions apply. So because the appeal falls within the scope of the waiver to which Defendant knowingly and voluntarily agreed, we conclude his appellate waiver is enforceable on his Guideline-calculation argument.

B.

In reviewing a sentence for substantive reasonableness, we look at the totality of the circumstances.[3] Balbin-Mesa, 643 F.3d at 787. We afford the district court substantial deference and determine whether it imposed a reasonable sentence under the circumstances and given 18 U.S.C. § 3553(a) factors. Id. at 788. But an abuse of discretion occurs when a decision stems from a clear error of law, fact, or judgment. United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007).

---

[3] Defendant raises only substantive reasonableness on appeal. The Guidelines issue pertains to procedural reasonableness, which Defendant waived.

Defendant asserts the district court's upward variance was not substantively reasonable. Defendant argues the district court erred by emphasizing his criminal record—including misplaced emphasis on a fourteen-year-old Texas conviction for aggravated assault on a public servant. Defendant contends the Guidelines considered this offense because the PSR imposed three criminal history points accounting for the whole of Defendant's criminal past. Defendant also asserts that the district court ordered restitution to all institutional victims and thus already addressed the repeated nature of his fraudulent conduct. Defendant thus argues that the Guidelines range accounted for all of his conduct, and any upward variance by the district court was an abuse of discretion. We disagree.

Defendant relies on two cases for his argument that the Guidelines already accounted for his conduct, but neither is persuasive. First, Defendant relies on United States v. Hanson, 264 F.3d 988 (10th Cir. 2001). Defendant asserts that, like the defendant in Hanson, imposing three criminal history points based on a past conviction means the court already considered his criminal conduct. Id. at 990. But Defendant's misreads Hanson. In Hanson, the government proposed an upward variance for the defendant's second-degree murder plea deal based on premeditation. Id. The district court denied the proposed upward variance based on premeditation reasoning the Guidelines already considered the question of premeditation by setting different offense levels for first-degree and second-degree murder. Id. at 995. We affirmed the district court, reasoning first-degree murder included premeditation as part of the offense elements and second-degree murder did not. Id. at 996. We

7

emphasized that the Guidelines considered premeditation because the offense conduct between the two crimes contained different elements. Id. And because first-degree murder encompassed premeditation, an upward variance for a second-degree murder plea based on premeditation undermined the Guidelines offense level distinctions. See id. And our precedent foreclosed the option to consider premeditation on a second-degree murder plea because the Guidelines distinguished between the two crimes by assigning different offense levels. Id. at 995–96 (citing United States v. Kelly, 1 F.3d 1137, 1140–41 (10th Cir. 1993)). Unlike the Hanson defendant, Defendant's upward variance did not involve distinct offense conduct considerations under the Guidelines.

Defendant also relies on our decision in United States v. Pinson, where despite some concern for the large size of the variance, we upheld an upward variance for a mentally ill defendant based on an effort to protect the public. 542 F.3d 822, 835–36 (10th Cir. 2008). Defendant contends that his mental and emotional problems account for his volatile nature and do not justify the upward variance. In Pinson we cautioned against increasing a defendant's incarceration time because of his mental illness. Id. at 838. But we recognized that even in such situations the district court has wide discretion when applying the § 3553(a) factors. Id. at 838–39 (concluding that we defer to the district court even when a factor may be discouraged by the Guidelines). Here, the district court did not only rely on Defendant's mental or emotional problems. Instead, it broadly applied the § 3553(a) factors in determining Defendant's sentence. So Defendant's reliance on Pinson is misplaced.

8

Ultimately, we afford the district court deference in sentencing because of its familiarity with the facts and circumstances of the case. See McComb, 519 F.3d at 1053. Here, the district court anchored its upward variance in a full analysis of the § 3553(a) factors. The district court determined that despite the nonviolent nature of Defendant's crime, some of Defendant's relevant conduct involved threats of violence toward an institutional victim's bank officer. The district court found that Defendant's overall conduct demonstrated instability and violent propensities. The district court also emphasized that it imposed a sentence not greater than necessary to achieve the statutory objectives and expected that most judges might impose a sentence of ten years or more. In sum, the district court carefully noted that Defendant's violent criminal history, lack of respect for the law, and repetitive nature of his fraudulent conduct all contributed to its general determination that Defendant needed "incapacitation."

For these reasons, we conclude the district court did not abuse its discretion by imposing an upward variance.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

9